UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FABIAN HARPER (#336374)

VERSUS                                    CIVIL ACTION

DOUG DOURRETTE, ET AL                     NUMBER 03-638-A-1

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, March 25, 2004.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

Date Docketed: MAR 2 5 2004
Notices Mailed To: SCR, BW, DC, PH — Harper, Loake

INITIALS: BP   DOCKET#: 45

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FABIAN HARPER (#336374)

VERSUS

DOUG DOURRETTE, ET AL

CIVIL ACTION

NUMBER 03-638-A-1

MAGISTRATE JUDGE'S REPORT

This matter is before the court on the parties' cross motions for summary judgment. Record document numbers 36 and 39. The motions are opposed. Record document numbers 42 and 44.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Doug Durrett, Lt. Col. Harold Sterling, Capt. Ronny Constance and Sgt. Jensen. Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his Eighth Amendment rights.

Plaintiff moved for summary judgment relying on a statement of facts, copies of medical referral slips, and excerpts from the prison rule book.[1]

---

[1] Plaintiff also submitted his "affidavit" and the statements of Bernard Dunham, Henry Jackson and Joseph Green. Because the statements are copies rather than originals and the statements and Harper's affidavit are not sworn and were not made under penalty of perjury, the statements and Harper's affidavit are not competent summary judgment evidence.
An unsworn affidavit is incompetent to raise a fact issue precluding summary judgment. *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987). A

Defendants[2] moved for summary judgment relying on a statement of undisputed facts, the affidavits of Lt. Carl Thomas, Capt. Ronnie Constance, Lt. Col. Harold Sterling, Asst. Warden Doug Durrett, Dora Rabalais, Dr. Peter Heflin, and Dr. Billy Cannon, copies of the plaintiff's medical records, and the results of the administrative remedy procedure, a true copy of which was previously filed in the record.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth

---

statutory exception to this rule exists under 28 U.S.C. § 1746, which permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made "under penalty of perjury" and verified as "true and correct." Although the statements and Harper's affidavit are verified to be true and correct, the statements and Harper's affidavit were not made under penalty of perjury. Therefore, the statements of Dunham, Jackson and Green and Harper's affidavit were not considered in conjunction with the parties' cross motions for summary judgment. However, a review of the record showed that Harper filed a verified complaint which contains a version of the incident substantially different than the version recounted by the defendants. The court can properly treat this verified pleading as an affidavit in opposition to the defendants' motion for summary judgment since the plaintiff was competent and made the assertions based on personal knowledge. *See, Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77 (5th Cir. 1987).

[2] Sgt. Jensen was not served with a copy of the summons and complaint and did not participate in the motion for summary judgment.

specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

Plaintiff alleged that he shared a cell with inmate Patrick Smith who made sexual advances towards him. Plaintiff alleged that when he rebuked Smith's sexual advances, Smith threatened to harm him. Plaintiff alleged that prior to February 2, 2002, he reported the incident to defendants Asst. Warden Durrett, Lt. Col. Sterling and Capt. Constance and requested to be transferred to another cell for his own protection. Defendants denied his request. Later, while the defendants made rounds on the tier, the plaintiff once again requested a cell change. Defendants denied the plaintiff's request. Plaintiff alleged that on February 2, 2002, he filed an emergency administrative grievance complaining that Smith was pressuring him to engage in sexual acts and that defendants Durrett, Sterling and Constance had denied his request for a cell change. Plaintiff alleged that on February 8, 2002, before he received a response to his administrative grievance, he was attacked by Smith. Plaintiff alleged that he shook his cell bars and screamed for assistance from Sgt. Jensen. Plaintiff alleged that Sgt. Jensen yelled down the tier to keep the noise down. Other inmates on the tier yelled for assistance. Plaintiff was found in his cell severely beaten and was taken to the prison infirmary for treatment.

Defendants deny that the plaintiff requested protection prior

3

to the February 8 incident. Defendants argued that they were on the tier prior to the incident and the plaintiff failed to voice any concerns prior to the attack. Defendants further argued that the plaintiff did not submit an administrative grievance regarding his problems with Smith until after the February 8 incident. Defendants argued that had the plaintiff requested protection he would have been removed from his cell and placed in administrative segregation until a determination could be made whether a genuine protection concern existed.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L. Ed.2d 811 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.*

It is undisputed that the plaintiff and Smith were involved in an altercation on February 8, 2002. The summary judgment evidence showed that correctional officers observed the two engaged in a fist fight, entered the cell, separated the two inmates and transported the plaintiff to the prison infirmary for treatment. Plaintiff's medical records showed that he was admitted to the

4

Nursing Unit for observation and remained there until he was released approximately 48 hours later. Plaintiff sustained a moderately swollen right eye and a moderately swollen upper lip. X-rays were negative. On February 13, the plaintiff sought emergency sick call from the dental department complaining that he experienced pain while eating. Examination showed swelling on the front surface of the gum at his two front teeth. X-rays showed no evidence of fracture to the teeth or the bony support structure. Plaintiff was placed on a liquid nutritional supplement, antibiotics and pain medication.

The summary judgment evidence showed that prior to the February 8 altercation, neither inmate was identified as an enemy of the other in their master prison records. Moreover, there is no evidence that any defendant was aware of the administrative grievances filed by the plaintiff until after the February 8 altercation. Nonetheless, in his verified complaint the plaintiff alleged that he requested protection from the defendants prior to the altercation. Defendants deny that the plaintiff spoke to any of them.

In resolving the motion for summary judgment, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that

party's favor, the court must deny the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291, 294 (5th Cir. 1987).

Because there are material factual issues in dispute, summary judgment is inappropriate.

Defendants argued that whether the plaintiff made a verbal request for protection prior to the incident is immaterial because prior to the incident the plaintiff failed to "take advantage of the established methodology" for seeking protection. Specifically, the defendants argued that in order to obtain protection the plaintiff had to either make a written request for protection, refuse to enter his cell, or declare himself a medical emergency. Defendants argued that because the plaintiff did not utilize the "established methodology" which is "well-known to all inmates," the plaintiff cannot sustain his burden of proof on the essential elements necessary to establish deliberate indifference and cannot show any objectively unreasonable conduct by the defendants sufficient to overcome their plea of qualified immunity. Defendants argument is unpersuasive.

The summary judgment evidence showed that an inmate may be placed in Administrative Segregation for his own protection by merely requesting protection. Plaintiff's exhibit H. Plaintiff alleged in his verified complaint that prior to the February 8

incident he asked the defendants to move him to another cell for his own protection.

Defendants also argued that because the plaintiff did not utilize the "established methodology" for seeking protection, the claims are subject to dismissal pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.[3] Defendants argument is without merit. First, the purported "established methodology" does not appear to exist. See, plaintiff's exhibit H. Second, even if there is a procedure in place for an inmate to obtain protection, it is not an administrative remedy as contemplated by § 1997e(a).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the parties cross motions for summary judgment be denied. It is further recommended that the plaintiff's claims against Sgt. Jensen be dismissed pursuant to Rule 4(m), Federal Rules of Civil Procedure and this matter be referred back to the magistrate judge

---

[3] 42 U.S.C. § 1997e provides in pertinent part the following:
"(a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

7

for further proceedings.

Baton Rouge, Louisiana, March __25__, 2004.

```
                        /s/ Stephen C. Riedlinger
                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE
```