UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FABIAN HARPER (#336374)

VERSUS                                              CIVIL ACTION

DOUG DOURRETTE, ET AL                               NUMBER 03-638-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 8, 2007.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FABIAN HARPER (#336374)

VERSUS                                          CIVIL ACTION

DOUG DOURRETTE, ET AL                           NUMBER 03-638-JVP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss for Failure to Prosecute.  Record document number 98.  The motion is not opposed.

Pro se plaintiff, an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Asst. Warden Doug Dourrette, Lt. Col. Harold Sterling and Capt. Ronny Constance.[1]  Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his Eighth Amendment rights.

This action was filed on August 25, 2003.  Defendants moved to dismiss the complaint for failure to prosecute.  Defendants argued that the plaintiff has taken no steps to prosecute this action for over two years.

A district court may dismiss an action for failure to prosecute.  Rule 41(b), Fed.R.Civ.P.; *McCullough v. Lynaugh*, 835

---

[1]  The claims against Sgt. Jensen were previously dismissed. Record document number 47.

F.2d 1126, 1127 (5th Cir. 1988).  The scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Dismissal of the plaintiff's complaint would be effectively with prejudice since if it were re-filed it would be subject to Louisiana's one-year statute of limitations.  LSA-C.C. art. 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989).

Other than not responding to the defendants' motion, the plaintiff has done nothing, or failed to do something, which justifies dismissing his complaint for failure to prosecute.  The April 12, 2005 Supplemental Pretrial Order advised the plaintiff that the case "will be assigned for trial in due course by the district judge."[2]  Neither the Supplemental Pretrial Order, nor any subsequent order, indicated to the plaintiff that any further action was needed by him to get the case assigned for trial.

As the defendants correctly noted, Local Rule 41.3M(C) provides that a case may be dismissed "[w]here a cause has been pending six months without proceedings being taken within such period."  However, it also states that "[t]his provision does not apply if the cause is awaiting action by the court."  This case is awaiting assignment for trial.

---

[2] Record document number 84.

While the plaintiff's failure to respond to this motion and his failure to affirmatively seek assignment of a trial date are indications that he has lost interest in prosecuting his case, they are not sufficient to support dismissal for failure to prosecute at this time.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss for Failure to Prosecute be denied.

Baton Rouge, Louisiana, November 8, 2007.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE